14 F.3d 613
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 Linda L. MCCUMMINGS, Petitioner-Appellant,
v.
SECRETARY OF THE DEPARTMENT OF HEALTH AND HUMAN SERVICES,
Respondent-Appellee.
 No. 93-5081.
 United States Court of Appeals, Federal Circuit.
 Nov. 23, 1993.
 
 Before RICH and ARCHER, Circuit Judges, and LAY, Senior Circuit Judge.*
 DECISION
 LAY, Senior Circuit Judge.
 
 
 1
 This is an appeal brought under the National Childhood Vaccine Injury Act, 42 U.S.C. Secs. 300aa-1 to -34 (1988), amended by several public laws. It is brought by Linda L. McCummings, petitioner, against the Secretary of the Department of Health and Human Services on behalf of her daughter, Heather McCummings. The trial was held before a Chief Special Master, Gary Golkiewicz, who denied compensation under the Act. This was appealed to the United States Claims Court where Judge Wilkes C. Robinson affirmed the Special Master's decision. Further appeal was brought to this court. We affirm.
 
 DISCUSSION
 
 2
 Petitioner urges, as she did before Judge Robinson, that an order for compensation is warranted, first because the Chief Special Master applied an impermissible burden of proof, and second, because he failed to properly weigh all of the evidence before him.
 
 
 3
 Heather McCummings was born on July 21, 1980. There were no complications in her delivery by cesarean section. Heather received vaccinations for diphtheria pertussis-tetanus (DPT) and oral polio vaccine (OPV) on September 23, 1980, and on February 16, 1981. Five days after receiving the second set of vaccines, she showed signs of paralysis, and on February 23 she was diagnosed as having probable transverse myelitis secondary to her vaccinations. She was transferred to the University of Maryland Hospital. Dr. Margaret Rennels made a diagnosis that it was not possible to determine either "1) the etiology of [Heather]'s paresis, or 2) whether or not it was vaccine related." Dr. Huang, a pediatric immunologist, was consulted and opined that it was "prudent to think the paralysis was related" to one of the vaccinations because of the temporal relationship between the illness and the vaccinations. He reported a study, however, which found no cases of paralysis resulting from the vaccines. At the hearing, Dr. Shlomo Shinnar, a board certified neurologist, testified that Heather was suffering from transverse myelitis. He concluded that it was "more likely than not" that the vaccinations caused the transverse myelitis. The Secretary produced an expert witness, Dr. William Robertson, who was board certified in both neurology and pediatrics. He agreed with the diagnosis of transverse myelitis but reasoned that it was caused by a viral infection and not the immunizations.
 
 
 4
 Judge Robinson, in affirming the Special Master's findings, held that he could only upset such findings and conclusions if they were "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 42 U.S.C. Sec. 300aa-12(e)(2)(B). Judge Robinson found the Special Master's opinion was "thorough, articulate, and well reasoned."
 
 
 5
 On this appeal, as well as before the Claims Court, petitioner urges that the Special Master required petitioner (1) to support her theory of causation by medical or scientific studies, and (2) to exclude all other possible causes
 
 
 6
 Judge Robinson analyzed petitioner's claims and responded:
 
 
 7
 [T]he Chief Special Master concluded that "Dr. Shinnar neither produce[d] convincing testimony to rule out what he concede[d] to be a possible cause--the asymptomatic virus--nor provide[d] any evidence to point to the DPT or polio vaccine." The Chief Special Master did not, as petitioner contends, require Dr. Shinnar to disprove the possibility of an asymptomatic virus as the cause of the transverse myelitis. Rather, the Chief Special Master found that Dr. Shinnar dismissed the possibility of this cause, without showing that it merited such dismissal. Therefore, the Chief Special Master concluded that "Dr. Shinnar fail[ed] to provide a 'reputable medical or scientific explanation.' " (quoting Grant [ v. Secretary of HHS, 956 F.2d 1144, 1148 (Fed.Cir.1992) at 1148]. Finally, the Chief Special Master found Dr. Shinnar's opinion insufficient to establish that the vaccines caused Heather's transverse myelitis. The Chief Special Master determined that Dr. Shinnar's reasoning was flawed by his overreliance on the temporal association between the DPT vaccination and the injury: "Dr. Shinnar's entire analysis is based on an intervening event that theoretically could cause a hyper-immune response." Numerous cases have rejected an exclusive reliance on temporal associations. E.g., Grant v. Secretary of HHS, 956 F.2d 1144, 1148 (Fed.Cir.1992) ("Temporal association is not sufficient ... to establish causation in fact."); Hasler v. United States, 718 F.2d 202, 205 (6th Cir.1983) ("[W]ithout more, [a] proximate temporal relationship will not support a finding of causation."), cert. denied, 469 U.S. 817 (1984); Strother v. Secretary of HHS, 18 Cl.Ct. 816, 820 (1989) ("Temporal association of the onset of injury with the vaccine is not sufficient ... to establish causation in fact."). Although the Chief Special Master, here, found that petitioner's expert witness was credible and knowledgeable, he concluded that "Dr. Shinnar's theory of causation [was] not supported by any current medical literature, and fail[ed] to establish that the DPT vaccine caused Heather's transverse myelitis." This court finds that the Chief Special Master properly weighed the evidence in reaching these conclusions.
 
 
 8
 McCummings v. Secretary of Health & Human Servs., 27 Fed.Cl. 417, 422 (Cl.Ct.1992) (citations to Chief Special Master's opinion omitted).
 
 
 9
 This case is indeed an unfortunate one. There is in this record medical evidence that supports both theories of causation. However, a trier of fact has the opportunity to judge the credibility of the various experts and to then weigh the persuasiveness of their opinions. In this case, the Chief Special Master found that the government's expert witness was more persuasive than petitioner's. The Chief Special Master set forth his reasons for reaching this determination. We likewise find that the Claims Court properly determined that the Chief Special Master did not misapply the burden of proof. As an appellate court, we lack the authority to make findings of fact de novo. We can only reverse the Special Master if we find that the United States Claims Court erred in its assessment. We find no error here.
 
 
 
 *
 Honorable Donald P. Lay, Senior Circuit Judge, United States Court of Appeals for the Eighth Circuit, sitting by designation